UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAIN LAMAR BANKSTON,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY OF ART UNIVERSITY, et al.,<br><br>Defendants. | Case No. 25-cv-04988-JST<br><br>**ORDER SCREENING COMPLAINT**<br><br>Re: ECF No. 11 |

Before the Court is Plaintiff Jermain Lamar Bankston's amended complaint. ECF No. 11. Because Bankston proceeds *in forma pauperis*, the Court will conduct the review required pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss the complaint with leave to amend.[1]

I.  **BACKGROUND**

On June 12, 2025, Bankston filed a complaint against Academy of Art University and its instructor Brandie Grogan. ECF No. 1. He asserted claims for: (1) violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*; (2) violations of 29 U.S.C. § 794; (3) violations of 38 U.S.C. § 3679(c) and § 3697A; (4) violations of 20 U.S.C. § 7909; and (4) breach of contract. *Id.* Also on June 12, 2025, Bankston moved for leave to proceed *in forma pauperis*. ECF No. 3. On June 26, 2025, Magistrate Judge Sallie Kim granted Bankston's motion to proceed

---

[1] Defendants Stephens Institute, Inc. d/b/a Academy of Art University and Brandie Grogan filed a petition for order to arbitrate and for stay of action on September 10, 2025. ECF No. 22. "Because the Court is mandated to screen Plaintiff's complaint at this juncture, and because the Court dismisses that complaint, there is no operative complaint in this action" and no claims to send to arbitration. Accordingly, the Court denies as moot Defendants' petition. *Adams v. Ally Auto*, No. 2:22-CV-02173-RFB(DJA), 2024 WL 325277, at *1 (D. Nev. Jan. 26, 2024). *See also Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003) (per curiam) (rejecting federal prisoner's argument that district court erred in dismissing some of his claims pursuant to § 1915A after the defendants had already answered).

1   *in forma pauperis* but dismissed the complaint with leave to amend after conducting the review
2   required by 28 U.S.C. § 1915(e)(2).  ECF No. 6.
3         Bankston filed an amended complaint on July 22, 2025.  ECF No. 11.  The amended
4   complaint asserts claims for: (1) violations of the Americans with Disabilities Act (ADA), 42
5   U.S.C. § 12101 *et seq*; (2) violations of 29 U.S.C. § 794; (3) violations of 38 U.S.C. § 3697A; (4)
6   violations of constitutional due process under the Fourteenth Amendment; and (4) breach of
7   contract.  ECF No. 11 at 7.

## II.  LEGAL STANDARD

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case.  28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation omitted).  While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

## III. DISCUSSION

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Judge Kim identified three problems with Bankston's original complaint. First, his claims were "premised on disability discrimination" but "his Complaint does not allege any facts that indicate he was charged a lab fee *because of* his status as a person with a disability." ECF No. 6 at 2. Second, "the exhibits attached to the Complaint undercut Plaintiff's allegations" by providing an explanation for Bankston's poor grade and his being charged a lab fee. *Id.* Third, 38 U.S.C. § 3679(c) and § 3697A "do not include a private right of action." *Id.*

Bankston's amended complaint does not resolve the problems identified by Judge Kim. His amended complaint still fails to identify any facts that indicate he was charged a lab fee or given a low grade *because of* his status as a person with a disability. And although he now omits the exhibits that Judge Kim found undercut his allegations, his amended complaint explains that Defendants informed him that his low grade was the result of "lack of color variety," ECF No. 11 ¶ 10, and that his work would not be graded "until you pay the lab fee," *id.* ¶ 9. Finally, the amended complaint still asserts a claim for 38 U.S.C. § 3697A, which Judge Kim explained does not provide a private right of action and thus cannot form the basis for a claim brought by Bankston.

## CONCLUSION

For the foregoing reasons, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2) with leave to amend and denies as moot Defendants' petition to arbitrate and to stay the action, ECF No. 22. If Bankston seeks to file an amended complaint that addresses the deficiencies identified in this order, he must do so within 28 days of the date of this order. The Court reminds Bankston that he must "(1) identify the legal and factual basis for each cause of action, (2) identify which cause of action is brought against which Defendant, and (3) provide a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant." *Fleming v. Cigna Health Corp.*, No. 15-cv-04646-EMC, 2016

3

1  WL 3439800, at *3 (N.D. Cal. June 23, 2016).  He must allege sufficient "factual content that

2  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  An amended complaint completely

4  replaces the previous complaints.  See *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir.

5  2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to

6  present and all the defendants he wishes to sue, and he may not incorporate material from the prior

7  complaint by reference.  Failure to file an amended complaint in accordance with this order in the

8  time provided will result in dismissal of this action.

9        The Court encourages Bankston to consult the resources for self-represented litigants

10  available on the Court's website, https://cand.uscourts.gov/pro-se.  If Bankston seeks assistance in

11  finding a lawyer, the Court's Handbook for Pro Se Litigants, https://cand.uscourts.gov/pro-se-

12  handbook/, includes on page 5 (or page 11 using the PDF numbering system) contact information

13  for local bar association legal referral services.  Bankston may also wish to seek assistance from

14  the free Legal Help Center operated by the Bar Association of San Francisco.  The Legal Help

15  Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide

16  legal representation.  Appointments can be scheduled by emailing fedpro@sfbar.org or by calling

17  (415) 782-8982.

18  **IT IS SO ORDERED.**

19  Dated:  November 12, 2025

20  _____
JON S. TIGAR
United States District Judge

4