UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAIN LAMAR BANKSTON,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY OF ART UNIVERSITY, et al.,<br><br>Defendants. | Case No. 25-cv-04988-JST<br><br>**ORDER SCREENING SAC**<br>Re: ECF No. 28 |

Before the Court is Plaintiff Jermain Lamar Bankston's second amended complaint ("SAC"). ECF No. 28. Because Bankston proceeds *in forma pauperis*, the Court will conduct the review required pursuant to 28 U.S.C. § 1915(e)(2) and dismisses the complaint without leave to amend.

I.   **BACKGROUND**

On June 12, 2025, Bankston filed a complaint against Academy of Art University and its instructor Brandie Grogan. ECF No. 1. He asserted claims for: (1) violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*; (2) violations of 29 U.S.C. § 794; (3) violations of 38 U.S.C. § 3679(c) and § 3697A; (4) violations of 20 U.S.C. § 7909; and (4) breach of contract. *Id.* Also on June 12, 2025, Bankston moved for leave to proceed *in forma pauperis*. ECF No. 3. On June 26, 2025, Magistrate Judge Sallie Kim granted Bankston's motion to proceed *in forma pauperis* but dismissed the complaint with leave to amend after conducting the review required by 28 U.S.C. § 1915(e)(2). ECF No. 6.

Bankston filed an amended complaint on July 22, 2025. ECF No. 11. On November 12, 2025, this Court screened and dismissed the amended complaint under Section 1915(e)(2). ECF No. 27. On December 10, 2025, Bankston filed a SAC. ECF No. 28. The SAC asserts claims for:

1  (1) discrimination, failure to accommodate, and retaliation in violation of the Americans with
2  Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*; (2) violations of Section 504 of the
3  Rehabilitation Act, 29 U.S.C. § 794; (3) violations of 28 C.F.R. § 36.302(a); and (4) breach of
4  contract.  ECF No. 28 at 3–7.

## II.     LEGAL STANDARD

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case.  28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation omitted).  While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

## III.    DISCUSSION

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

1    Bankston alleges that Defendants denied him access to a silkscreen lab, which "is a
2 required accommodation that allows a disabled individual to participate equally in a program."
3 ECF No. 28 at 3. He explains that "[b]ecause of [his] disability, [he] do[es] not have the physical
4 ability, resources, or safe environment to perform silkscreen work at home." *Id*. Yet his own
5 explanation undercuts his claim that his inability to perform silkscreen work at home is related to
6 his disability. Rather, he alleges that such work requires "proper ventilation, industrial equipment,
7 chemical safety, and supervision inside a controlled facility." *Id*. He has not alleged that or
8 explained how his disability interacts with silkscreen work such that access to the lab is necessary
9 to put him on equal footing with non-disabled students.

10   In the SAC, Bankston also alleges that (1) he was initially barred from the silkscreen room
11 because he hadn't paid a fee, although he was later allowed to use it without paying the fees; (2)
12 there were delays in instructors grading his work; (3) he received persistently poor grades; and (4)
13 he was denied admission to the school's MFA program based on his poor grades. ECF No. 28 at
14 4–6. Bankston does not clearly allege that any of these actions were discriminatory in nature or
15 otherwise explain why any of these actions constituted a violation of the law. Moreover, he fails
16 to cure deficiencies identified in the last two screening orders.

17   In Judge Kim's order screening the original complaint, she found that Bankston's
18 "Complaint does not allege any facts that indicate he was charged a lab fee *because of* his status as
19 a person with a disability." ECF No. 6 at 2. She also found that "the exhibits attached to the
20 Complaint undercut Plaintiff's allegations" by providing an explanation for Bankston's poor grade
21 and his being charged a lab fee. *Id.*

22   This Court subsequently held that the amended complaint did not resolve the problems
23 identified by Judge Kim. ECF No. 27 at 3. His amended complaint "fail[ed] to identify any facts
24 that indicated that he was charged a lab fee or given a low grade *because of* his status as a person
25 with a disability." *Id*. And in exhibits attached to Bankston's amended complaint, Defendants
26 informed Bankston "that his low grade was the result of 'lack of color variety,' and that his work
27 would not be graded 'until you pay the lab fee.'" *Id*. (quoting ECF No. 11).

28   On his third attempt, Bankston has not cured the problems Judge Kim identified in his

3

original complaint. He has alleged no facts suggesting that any of the challenged actions were discriminatory. Rather, the documents attached to Bankston's complaint show that he was denied access to the silkscreen lab because online students are not allowed to use the lab without prior approval, supervision, and payment of a fee, ECF No. 28 at 10, 13, 16, that his work was graded promptly, *id*. at 18, and that he received poor grades because he persistently failed to follow instructions, *id*. at 17.

## CONCLUSION

Bankston has now had two opportunities to address the deficiencies in his complaint and has failed to do so. Performing the required screening under Section 1915(e)(2), the Court therefore dismisses his claims with prejudice. *See Moody v. City of Hayward*, 914 F.2d 263 (9th Cir. 1990) ("Because [the plaintiff] has been given ample opportunities to amend his complaint and has failed to do so, the district court did not err in dismissing the complaint under [Section 1915]."). No further amendments shall be allowed. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 15, 2025

_____
JON S. TIGAR
United States District Judge